UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-0051(1) (PJS/SRN) |
| Plaintiff, | |
| v. | ORDER |
| DAVID LEE BARNES, | |
| Defendant. | |

The Court recently revoked defendant David Barnes's supervised release and sentenced him to imprisonment for a term of five months. ECF No. 122. This matter is before the Court on Barnes's "motion for restorative reconsideration hearing," in which he essentially argues that the Court erred in imposing the revocation sentence. Barnes also seems to take issue with the manner in which the Bureau of Prisons ("BOP") has calculated the credit he is to receive for his pre-revocation confinement.

Once a sentence is imposed, a district court cannot modify that sentence unless such a modification is specifically authorized by statute. *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Allmon*, 702 F.3d 1034, 1036-37 (8th Cir. 2012). Barnes cites no authority under which the Court would have jurisdiction to reconsider his revocation sentence. *See United States v. Combe*, 508 F. App'x 699, 702 (10th Cir. 2013) (explaining that, under § 3582 and *Dillon*, district courts

generally lack jurisdiction to modify a term of imprisonment imposed on revocation of supervised release). His motion for reconsideration is therefore denied.

As for Barnes's complaint regarding credit for prior custody, requests for such credit under 18 U.S.C. § 3585(b) must be directed in the first instance to the BOP, not to a court. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). After the prisoner has exhausted his administrative remedies, he may challenge an adverse decision by the BOP under 28 U.S.C. § 2241. *See Wilson*, 503 U.S. at 335; *Pardue*, 363 F.3d at 699. If Barnes wishes to challenge the BOP's credit calculation, he must first exhaust his administrative remedies and then, if he is unsuccessful in obtaining relief, file a separate civil action under 28 U.S.C. § 2241.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant David Lee Barnes's motion for restorative consideration hearing [ECF No. 123] is DENIED.

2. Defendant's *in forma pauperis* application [ECF No. 124] is DENIED AS MOOT.

3. To the extent a certificate of appealability is necessary to appeal this order, no certificate of appealability will issue.

Dated: January 11, 2017                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge